IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Lewis T. Babcock

Civil Action No. 12-cv-00808-LTB

RANDAL ANKENEY,

    Applicant,

v.

SUSAN JONES, Warden of Fremont Correctional Facility ("Fremont"),
TOM CLEMENTS, Director of the Colorado Department of Corrections ("CDOC"), and
JOHN SUTHERS, Attorney General of the State of Colorado,

    Respondents.

## ORDER TO DISMISS IN PART

    Applicant Randal Ankeney is a prisoner in the custody of the Colorado Department of Corrections at the Fremont Correctional Facility in Cañon City, Colorado. Mr. Ankeney has filed a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) challenging the validity of his conviction and sentence in Larimer County District Court case number 06CR1548. On April 2, 2012, Respondents were ordered to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action. On April 20, 2012, Respondents were granted an extension of time until May 28, 2012, to file their Pre-Answer Response. Respondents actually filed their Pre-Answer Response (ECF No. 11) on May 29, 2012. However, because May 28, 2012, was a legal holiday, the Court finds that the Pre-Answer

Response is timely. On June 18, 2012, Mr. Ankeney filed Applicant Ankeney's Pre-Answer Reply (ECF No. 12).

The Court takes judicial notice of the fact that Mr. Ankeney is an attorney and that his Colorado attorney registration number is 30989. According to the attorney registration information available on the website of the Colorado Supreme Court, it appears that his license currently is under suspension. Therefore, the Court construes the application and other papers filed by Mr. Ankeney liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the Court will dismiss the action in part.

## I. BACKGROUND

The factual background of Mr. Ankeney's conviction and sentence was summarized by the Colorado Court of Appeals as follows:

> Defendant was charged with numerous counts based on allegations that he had sexually assaulted a fourteen-year-old victim. In exchange for the charges' dismissal, he pled guilty to child abuse with a factual basis of sexual assault on a child. Defendant and the People stipulated to an eight-year sentence in the Department of Corrections' custody, to run concurrently with defendant's sentence for sexually assaulting a child in Arapahoe County (Case Number 06CR125).

*People v. Ankeney*, No. 10CA1975, slip op. at 2 (Colo. App. Feb. 16, 2012) (unpublished) (ECF No. 11-9 at 2). Mr. Ankeney was sentenced on January 4, 2008. On October 15, 2008, the trial court entered an order of restitution. On October 29, 2009, Mr. Ankeney filed in the trial court a postconviction motion pursuant to Rules 35(a) and (c) of the Colorado Rules of Criminal Procedure. The trial court denied postconviction relief and the trial court's order was affirmed on appeal. *See id.* Mr.

Ankeney did not seek certiorari review in the Colorado Supreme Court.

Mr. Ankeney asserts the following claims for relief in the application:

> Claim 1: In Ankeney's criminal case, the government withheld and/or suppressed material, exculpatory evidence in violation of the U.S. Constitution. The government negotiated a plea deal with Ankeney in bad faith, knowing that the withheld evidence seriously contradicted their most important witness and undermined the factual basis for their entire case. Ankeney's conviction was obtained in violation of the U.S. Constitution and in violation of fundamental due process and fair trial guarantees.

(ECF No. 1 at 10.)

> Claim 2: The restitution amount ordered by the trial court and executed by the Colorado Department of Corrections violates the U.S. Constitution and illegally increases the sentence and punishment imposed without proper due process protections and/or Ankeney's right to effective assistance of counsel. The restitution order is being executed in an illegal and/or unconstitutional manner whereby Ankeney may be afforded relief pursuant to 28 U.S.C. § 2241.

(ECF No. 1 at 63-64.)

> Claim 3: Because of the last minute fact stipulation insisted upon by the prosecutor and imposed by the court, the sentence of eight years violates the U.S. Constitution, which limits the maximum sentence on the lone guilty count to two years.

(ECF No. 1 at 71.)

> Claim 4(a): Ankeney's attorney and/or attorneys did not provide constitutionally effective assistance of counsel in representing him regarding the imposition and execution of the government's restitution claim and/or in objecting to and/or appealing the government's restitution order.

(ECF No. 1 at 79.)

> Claim 4(b): Ankeney's attorney failed to properly represent

> him in his post-conviction Petition, failed to raise the issue of
> ineffective assistance of counsel, and/or failed to properly or
> thoroughly raise and present the facts that support
> Ankeney's claims regarding withheld evidence.

(ECF No. 1 at 79-80.)

## II.  COGNIZABLE HABEAS CORPUS CLAIMS

Before addressing the affirmative defenses raised by Respondents in their Pre-Answer Response, the Court finds that some of Mr. Ankeney's claims must be dismissed because those claims do not present cognizable issues in this habeas corpus action pursuant to 28 U.S.C. § 2254.

The Court first will address Mr. Ankeney's claims challenging the restitution portion of his sentence, which are claims 2 and 4(a) in the Application.  Mr. Ankeney directly challenges the restitution order in claim 2.  In claim 4(a), he contends that counsel was ineffective with respect to the restitution order.  Neither of these claims challenges the validity of Mr. Ankeney's actual physical custody.

A state prisoner may pursue habeas corpus relief "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  "The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty."  *Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973).  Thus, "prisoners who are not seeking earlier or immediate release are not seeking habeas corpus relief." *Washington v. Smith*, 564 F.3d 1350, 1350 (7th Cir. 2009).  It is Mr. Ankeney's burden to establish that the custody requirement is satisfied.  *See United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994) (stating that defendant filing motion under 28 U.S.C. §

2255 bears the burden of demonstrating jurisdiction by affirmatively alleging he is in custody).

Mr. Ankeney does not cite any authority to support his arguments that his claims challenging the amount of restitution and counsel's effectiveness with respect to the amount of restitution are cognizable in a habeas corpus action. However, he contends that claims 2 and 4(a) raise cognizable issues in this habeas corpus action because "he never would have accepted a plea deal if the government had disclosed E.B.'s pre-existing medical problems and the medical records they later used to justify the restitution award. It is absurd to suggest that there are not constitutional implications raised by a state court allowing a prosecutor to induce a guilty plea by withholding evidence, then using that previously suppressed evidence as grounds to impose an illegal restitution obligation" (ECF No. 12 at 8, 9.) Mr. Ankeney also argues that Colorado's parole system makes restitution claims cognizable in a habeas corpus action because he may "be refused early parole because of the size and/or payment history of his restitution obligation" and "[h]e may be re-incarcerated if he cannot afford to pay his restitution after he is released from prison." (*Id.* at 8.)

The Court finds that Mr. Ankeney's custody arguments lack merit. It is clear that payment of restitution, by itself, "is not the sort of 'significant restraint on liberty' contemplated in the 'custody' requirement of the federal habeas statutes." *Erlandson v. Northglenn Mun. Court*, 528 F.3d 785, 788 (10th Cir. 2008). As a result, the court finds that Mr. Ankeney is not in custody with respect to his claims challenging the amount of restitution and counsel's effectiveness with respect to the amount of restitution. *See Washington*, 564 F.3d at 1351 (finding petitioner's claim that counsel was ineffective

with respect to the amount of restitution was not cognizable in a § 2254 habeas corpus action); *accord Bailey v. Hill*, 599 F.3d 976, 981-82 (9th Cir. 2010) (agreeing with the Seventh Circuit's approach in *Washington* and concluding that "2254(a) does not confer jurisdiction over a state prisoner's in-custody challenge to a restitution order imposed as part of a criminal sentence").

Mr. Ankeney's contention that he would not have accepted a plea deal if the government had disclosed the victim's pre-existing medical problems and medical records relates to the validity of his guilty plea and does not alter the court's conclusion. Mr. Ankeney's assertion that he may not be released on parole prior to the conclusion of his prison sentence and that he could be reincarcerated if he fails to make restitution payments also does not persuade the Court that his claims challenging the amount of restitution and counsel's effectiveness with respect to the amount of restitution are cognizable in this action. *See Klen v. City of Loveland*, 661 F.3d 498, 515 (10th Cir. 2011) (guilty plea resulting in fine and a deferred judgment and sentence that required defendant to keep the court advised of his current addresses and telephone numbers and to commit no further municipal code violations, a breach of which could result in a sentence to incarceration, did not "appear to qualify as a significant restraint on [defendant's] liberty sufficient to permit him to invoke a habeas remedy.").

For all of these reasons, the Court finds that Mr. Ankeney's claims challenging the imposition of restitution and counsel's effectiveness with respect to restitution, which do not challenge the legality of his physical custody, are not cognizable in this habeas corpus action.

Finally, the Court notes that Mr. Ankeney also asserts as part of claim 2 that

prison officials are executing the restitution order in an illegal or unconstitutional manner and that he is entitled to relief pursuant to 28 U.S.C. § 2241. Mr. Ankeney alleges in connection with his § 2241 claim that "[a] portion of all of Ankeney's earnings and of all money sent from family or friends is being confiscated by the Colorado Department of Corrections. Ankeney is being denied parole, release to community corrections, and/or eventual unconditional release based, at least in part, on the execution of this restitution amount." (ECF No. 1 at 65-66.)

Mr. Ankeney's claim challenging the execution of his sentence with respect to parole, community corrections, and potential unconditional release in the future is not properly asserted in this habeas corpus action pursuant to § 2254 challenging the validity of his conviction and sentence. If Mr. Ankeney wishes to pursue a claim challenging the execution of his sentence with respect to parole, community corrections, or his potential unconditional release in the future pursuant to § 2241, he must file a separate habeas corpus action pursuant to § 2241 after exhausting state remedies with respect to those claims. As a result, claims 2 and 4(a) will be dismissed in their entirety.

The Court also finds that claim 4(b) must be dismissed. In claim 4(b), Mr. Ankeney contends that counsel in the state court postconviction proceedings was ineffective. However, "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i). Therefore, claim 4(b) also is not cognizable in this action and must be dismissed.

## III. ONE-YEAR LIMITATION PERIOD

Respondents concede that this action is not barred by the one-year limitation

prison officials are executing the restitution order in an illegal or unconstitutional manner and that he is entitled to relief pursuant to 28 U.S.C. § 2241. Mr. Ankeney alleges in connection with his § 2241 claim that "[a] portion of all of Ankeney's earnings and of all money sent from family or friends is being confiscated by the Colorado Department of Corrections. Ankeney is being denied parole, release to community corrections, and/or eventual unconditional release based, at least in part, on the execution of this restitution amount." (ECF No. 1 at 65-66.)

Mr. Ankeney's claim challenging the execution of his sentence with respect to parole, community corrections, and potential unconditional release in the future is not properly asserted in this habeas corpus action pursuant to § 2254 challenging the validity of his conviction and sentence. If Mr. Ankeney wishes to pursue a claim challenging the execution of his sentence with respect to parole, community corrections, or his potential unconditional release in the future pursuant to § 2241, he must file a separate habeas corpus action pursuant to § 2241 after exhausting state remedies with respect to those claims. As a result, claims 2 and 4(a) will be dismissed in their entirety.

The Court also finds that claim 4(b) must be dismissed. In claim 4(b), Mr. Ankeney contends that counsel in the state court postconviction proceedings was ineffective. However, "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i). Therefore, claim 4(b) also is not cognizable in this action and must be dismissed.

## III. ONE-YEAR LIMITATION PERIOD

Respondents concede that this action is not barred by the one-year limitation

period in 28 U.S.C. § 2244(d).

## IV. EXHAUSTION OF STATE REMEDIES

Respondents concede that Mr. Ankeney raised claims 1 and 3, the only remaining claims, as federal constitutional claims in the Colorado Court of Appeals in the state court postconviction proceedings. However, Respondents contend that Mr. Ankeney failed to exhaust state remedies for claims 1 and 3 because he did not seek certiorari review in the Colorado Supreme Court after the Colorado Court of Appeals affirmed the denial of his postconviction motion. Mr. Ankeney contends that he is not required to present a claim to the Colorado Supreme Court in a petition for writ of certiorari in order to exhaust state remedies because Colorado Appellate Rule 51.1 demonstrates that there is no need to seek such review.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252

(10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Respondents are correct that, in order to exhaust state court remedies, a claim must be presented to the state's highest court if review in that court is available. *See O'Sullivan*, 526 U.S. at 845. However, "there is nothing in the exhaustion doctrine requiring federal courts to ignore a state law or rule providing that a given procedure is not available." *Id.* at 847-48. Therefore, if a state articulates that a certain avenue for relief is not part of its standard appellate review process, it is not necessary for a defendant to pursue that avenue in order to exhaust state remedies. *See id.*

The State of Colorado has articulated that review in the Colorado Supreme Court is not part of the standard state appellate review process. More specifically, the Colorado Appellate Rules provide that:

> In all appeals from criminal convictions or postconviction
> relief matters from or after July 1, 1974, a litigant shall not be
> required to petition for rehearing and certiorari following an

> adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error. Rather, when a claim has been presented to the Court of Appeals or Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies.

Colo. App. R. 51.1. Pursuant to Colo. App. R. 51.1, the Court finds that review in the Colorado Supreme Court is not required to exhaust state remedies if the claim in question was presented fairly to, and relief was denied by, the Colorado Court of Appeals. *See, e.g., Valenzuela v. Medina*, No. 10-cv-02681-BNB, 2011 WL 805787 (D. Colo. Feb. 28, 2011). As Respondents concede, Mr. Ankeney fairly presented claims 1 and 3 to the Colorado Court of Appeals in the postconviction proceedings and the Colorado Court of Appeals rejected those claims. Therefore, the Court finds that claims 1 and 3 are exhausted and the Court is not persuaded by Respondents' arguments that a petition for writ of certiorari still is necessary to exhaust state remedies in Colorado. The Court's conclusion is supported by the fact that four circuit courts have determined that state rules similar to Colo. App. R. 51.1 eliminate the need to seek review in the state's highest court in order to satisfy the exhaustion requirement. *See Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004); *Adams v. Holland*, 330 F.3d 398, 401-03 (6th Cir. 2003); *Randolph v. Kemna*, 276 F.3d 401, 404-05 (8th Cir. 2002); *Swoopes v. Sublett*, 196 F.3d 1008, 1009-10 (9th Cir. 1999). Therefore, the Court finds that claims 1 and 3 are exhausted.

## V. CONCLUSION

In summary, the Court finds that claims 2, 4(a), and 4(b) do not raise any issues that are cognizable in this habeas corpus action pursuant to 28 U.S.C. § 2254.

Respondents do not raise the one-year limitation period as an affirmative defense and the Court rejects Respondents' arguments that Mr. Ankeney failed to exhaust state remedies for claims 1 and 3. Accordingly, it is

ORDERED that claims 2, 4(a), and 4(b) are DISMISSED because those claims do not present any issues that are cognizable in this habeas corpus action pursuant to 28 U.S.C. § 2254. It is further

ORDERED that within thirty days Respondents are directed to file an answer in compliance with Rule 5 of the Rules Governing Section 2254 Cases that fully addresses the merits of the remaining claims. It is further

ORDERED that within thirty days of the filing of the answer Applicant may file a reply, if he desires.

DATED July 17, 2012.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court