IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Lewis T. Babcock

Civil Action No. 12-cv-00808-LTB

RANDAL ANKENEY,

    Applicant,

v.

SUSAN JONES, Warden of Fremont Correctional Facility ("Fremont"),
TOM CLEMENTS, Director of the Colorado Department of Corrections ("CDOC"), and
JOHN SUTHERS, Attorney General of the State of Colorado,

    Respondents.

---

ORDER ON APPLICATION FOR WRIT OF HABEAS CORPUS

---

This matter is before the Court on Applicant Randal Ankeney's *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 and/or 28 U.S.C. § 2241 (ECF No. 1) ("the Application").  Respondents have filed an Answer (ECF No. 23) ("the Answer") addressing the merits of the remaining claims and Applicant has filed a Reply in Support of Application for a Writ of Habeas Corpus (ECF No 32) ("the Traverse").  The Court also has received a compact disk containing in electronic format the state court record.  Although certain transcripts on the disk are provided in a format that is not readable to the Court, there is no indication that any of the unreadable transcripts are pertinent to the Court's disposition of this action.  The only transcript that appears relevant, and which the Court has reviewed, is the transcript of Mr. Ankeney's October 12, 2007 plea hearing and Respondents have provided a copy of that transcript to the Court.  (*See* ECF No. 11-10.)  After reviewing the record, including the Application, the

Answer, and the Traverse, the Court finds and concludes that the Application should be denied and the case dismissed with prejudice.

**I.     Background**

Mr. Ankeney is challenging the validity of his conviction and sentence in Larimer County District Court case number 06CR1548.  The factual background of Mr. Ankeney's conviction and sentence was summarized by the Colorado Court of Appeals as follows:

> Defendant was charged with numerous counts based on allegations that he had sexually assaulted a fourteen-year-old victim.  In exchange for the charges' dismissal, he pled guilty to child abuse with a factual basis of sexual assault on a child.  Defendant and the People stipulated to an eight-year sentence in the Department of Corrections' custody, to run concurrently with defendant's sentence for sexually assaulting a child in Arapahoe County (Case Number 06CR125).

*People v. Ankeney*, No. 10CA1975, slip op. at 2 (Colo. App. Feb. 16, 2012) (unpublished) (ECF No. 11-9 at 2).  Mr. Ankeney was sentenced on January 4, 2008. On October 15, 2008, the trial court entered an order of restitution.  Mr. Ankeney did not file a direct appeal.

On October 29, 2009, Mr. Ankeney filed in the trial court a postconviction motion pursuant to Rule 35(a) and (c) of the Colorado Rules of Criminal Procedure.  The trial court denied postconviction relief and the trial court's order was affirmed on appeal. *See id.*  Mr. Ankeney did not seek certiorari review in the Colorado Supreme Court in the postconviction proceedings.

Mr. Ankeney asserts four claims for relief in the Application, although claim 4 includes two distinct parts.  The Court previously entered an Order to Dismiss in Part

2

(ECF No. 15) in which claims 2, 4(a) and 4(b) were dismissed because those claims do not present any issues that are cognizable in this habeas corpus action pursuant to 28 U.S.C. § 2254. As a result, only claims 1 and 3 remain pending before the Court. Mr. Ankeney asserts the following in his remaining claims:

> Claim 1: In Ankeney's criminal case, the government withheld and/or suppressed material, exculpatory evidence in violation of the U.S. Constitution. The government negotiated a plea deal with Ankeney in bad faith, knowing that the withheld evidence seriously contradicted their most important witness and undermined the factual basis for their entire case. Ankeney's conviction was obtained in violation of the U.S. Constitution and in violation of fundamental due process and fair trial guarantees.

(ECF No. 1 at 10.)

> Claim 3: Because of the last minute fact stipulation insisted upon by the prosecutor and imposed by the court, the sentence of eight years violates the U.S. Constitution, which limits the maximum sentence on the lone guilty count to two years.

(ECF No. 1 at 71.) Respondents concede that these claims are timely and the Court has determined they are exhausted.

## II.     Standard of Review

The Court takes judicial notice of the fact that Mr. Ankeney is an attorney and that his Colorado attorney registration number is 30989. According to the attorney registration information available on the website of the Colorado Supreme Court, it appears that his license currently is under suspension. Therefore, the Court construes the Application and other papers filed by Mr. Ankeney liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Title 28 U.S.C. § 2254(d) provides that a writ of habeas corpus may not be

issued with respect to any claim that was adjudicated on the merits in state court unless the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Mr. Ankeney bears the burden of proof under § 2254(d). *See Woodford v. Visciotti*, 537 U.S. 19, 25 (2002) (per curiam).

A claim may be adjudicated on the merits in state court even in the absence of a statement of reasons by the state court for rejecting the claim. *Harrington v. Richter*, 131 S. Ct. 770, 784-85 (2011). In particular, "determining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning." *Id.* at 784. Thus, "[w]hen a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Id.* at 784-85. Even "[w]here a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Id.* at 784. In other words, the Court "owe[s] deference to the state court's *result*, even if its reasoning is not expressly stated." *Aycox v. Lytle*, 196 F.3d 1174, 1177 (10th Cir. 1999). Therefore, the Court "must uphold the state court's summary decision unless [the Court's] independent review of the record and pertinent federal law persuades [the Court] that its result

contravenes or unreasonably applies clearly established federal law, or is based on an unreasonable determination of the facts in light of the evidence presented." *Id.* at 1178. "[T]his 'independent review' should be distinguished from a full de novo review of the petitioner's claims." *Id.*

The Court reviews claims of legal error and mixed questions of law and fact pursuant to 28 U.S.C. § 2254(d)(1). *See Cook v. McKune*, 323 F.3d 825, 830 (10th Cir. 2003). The threshold question the Court must answer under § 2254(d)(1) is whether Mr. Ankeney seeks to apply a rule of law that was clearly established by the Supreme Court at the time his conviction became final. *See Williams v. Taylor*, 529 U.S. 362, 390 (2000). Clearly established federal law "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Id.* at 412. Furthermore,

> clearly established law consists of Supreme Court holdings in cases where the facts are at least closely-related or similar to the case *sub judice*. Although the legal rule at issue need not have had its genesis in the closely-related or similar factual context, the Supreme Court must have expressly extended the legal rule to that context.

*House v. Hatch*, 527 F.3d 1010, 1016 (10th Cir. 2008). If there is no clearly established federal law, that is the end of the Court's inquiry pursuant to § 2254(d)(1). *See id.* at 1018.

If a clearly established rule of federal law is implicated, the Court must determine whether the state court's decision was contrary to or an unreasonable application of that clearly established rule of federal law. *See Williams*, 529 U.S. at 404-05.

> A state-court decision is contrary to clearly established federal law if: (a) "the state court applies a rule

5

> that contradicts the governing law set forth in Supreme Court cases"; or (b) "the state court confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from [that] precedent." *Maynard* [*v. Boone*], 468 F.3d [665,] 669 [(10th Cir. 2006)] (internal quotation marks and brackets omitted) (quoting *Williams*, 529 U.S. at 405). "The word 'contrary' is commonly understood to mean 'diametrically different,' 'opposite in character or nature,' or 'mutually opposed.'" *Williams*, 529 U.S. at 405 (citation omitted).
>
> A state court decision involves an unreasonable application of clearly established federal law when it identifies the correct governing legal rule from Supreme Court cases, but unreasonably applies it to the facts. *Id.* at 407-08. Additionally, we have recognized that an unreasonable application may occur if the state court either unreasonably extends, or unreasonably refuses to extend, a legal principle from Supreme Court precedent to a new context where it should apply.

*House*, 527 F.3d at 1018.

The Court's inquiry pursuant to the "unreasonable application" clause is an objective inquiry. *See Williams*, 529 U.S. at 409-10. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather that application must also be unreasonable." *Id.* at 411. "[A] decision is 'objectively unreasonable' when most reasonable jurists exercising their independent judgment would conclude the state court misapplied Supreme Court law." *Maynard*, 468 F.3d at 671. Furthermore,

> [E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations. [I]t is not an unreasonable application of clearly established Federal law for a state court to decline to apply a specific legal rule that has not

6

been squarely established by [the Supreme] Court.

*Richter*, 131 S. Ct. at 786 (internal quotation marks omitted).  In conducting this analysis, the Court "must determine what arguments or theories supported or . . . could have supported[] the state court's decision" and then "ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court."  *Id.*  In addition, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits."  *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011).

Under this standard, "only the most serious misapplications of Supreme Court precedent will be a basis for relief under § 2254."  *Maynard*, 468 F.3d at 671; *see also Richter*, 131 S. Ct. at 786 (stating that "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable").

> As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

*Richter*, 131 S. Ct. 786-87.

The Court reviews claims asserting factual errors pursuant to 28 U.S.C. § 2254(d)(2).  *See Romano v. Gibson*, 278 F.3d 1145, 1154 n.4 (10th Cir. 2002).  Section 2254(d)(2) allows the Court to grant a writ of habeas corpus only if the relevant state court decision was based on an unreasonable determination of the facts in light of the evidence presented to the state court.  Pursuant to § 2254(e)(1), the Court must presume that the state court's factual determinations are correct and Mr. Ankeney bears

the burden of rebutting the presumption by clear and convincing evidence. "The standard is demanding but not insatiable . . . [because] '[d]eference does not by definition preclude relief.'" *Miller-El v. Dretke*, 545 U.S. 231, 240 (2005) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003)).

If a claim was not adjudicated on the merits in state court, and if the claim also is not procedurally barred, the Court must review the claim *de novo* and the deferential standards of § 2254(d) do not apply. *See Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th Cir. 2004).

### III. Merits of Applicant's Remaining Claims

**A. Claim 1**

As indicated above, Mr. Ankeney contends in his first claim that the prosecution withheld and/or suppressed exculpatory evidence that undermined the factual basis for their entire case and his guilty plea. The allegedly exculpatory evidence Mr. Ankeney contends the prosecution withheld includes the results of government investigations into the victim's claims, the identity of witnesses, the victim's prior inconsistent statements, computer records, the victim's psychiatric history, the victim's criminal history, and the victim's prior drug use.

Suppression "of evidence favorable to an accused . . . violates due process where the evidence is material either to guilt or to punishment." *Brady v. Maryland*, 373 U.S. 83, 87 (1963). "There are three components of a true *Brady* violation: The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." *Strickler v. Greene*, 527

U.S. 263, 281-82 (1999). "Prejudice satisfying the third element exists 'when the suppressed evidence is material for *Brady* purposes.'" *Douglas v. Workman*, 560 F.3d 1156, 1173 (10th Cir. 2009) (citing *Banks v. Dretke*, 540 U.S. 668, 691 (2004)). Generally, evidence is material "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Kyles v. Whitley*, 514 U.S. 419, 433 (1995) (internal quotation marks omitted). A reasonable probability of a different result exists "when the government's evidentiary suppression undermines confidence in the outcome of the trial." *Id.* at 434 (internal quotation marks omitted). A state court's resolution of a *Brady* claim is a mixed question of law and fact reviewed under § 2254(d)(1). *See Moore v. Gibson*, 195 F.3d 1152, 1165 (10th Cir. 1999).

The Colorado Court of Appeals rejected Mr. Ankeney's evidence suppression claim on the merits, concluding that the record supported the trial court's determination that Mr. Ankeney was not prejudiced because the allegedly exculpatory evidence "was either harmful to defendant or would have had little impact." (ECF No. 11-9 at 5.) Respondents maintain that this decision is neither contrary to, nor an unreasonable application of, clearly established federal law under § 2254(d)(1) because, while it is clear that *Brady* applies to disclosures of exculpatory evidence for use at trial, there is no clearly established federal law that requires disclosure of exculpatory evidence prior to entry of a guilty plea. Mr. Ankeney maintains that *Brady* does apply to the suppression of exculpatory evidence prior to entry of a guilty plea and he contends that the Colorado Court of Appeals' application of *Brady* in his case is incorrect for two reasons. (*See* ECF No. 32 at 6-8.) First, he asserts that the Colorado Court of Appeals

9

applied the wrong standard of review. Second, he asserts that the state courts could not reasonably have concluded he suffered no prejudice without holding a hearing to determine specifically what evidence was suppressed and without considering the substance of the suppressed evidence.

The Court finds that Mr. Ankeney is not entitled to relief on his *Brady* claim because he fails to identify any clearly established federal law providing that *Brady* applies when a criminal defendant waives his constitutional right to a trial and enters a guilty plea. As noted above, clearly established federal law "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Williams*, 529 U.S. at 412. Furthermore,

> clearly established law consists of Supreme Court holdings in cases where the facts are at least closely-related or similar to the case *sub judice*. Although the legal rule at issue need not have had its genesis in the closely-related or similar factual context, the Supreme Court must have expressly extended the legal rule to that context.

*House*, 527 F.3d at 1016.

Respondents are correct that the United States Supreme Court has never extended the holding in *Brady* to the context of a guilty plea. *See, e.g.*, *Hamilton v. Romanowski*, No. 5:10-CV-14392, 2012 WL 2224450 at **13-14 (E.D. Mich. May 7, 2012) (concluding that no clearly established federal law under § 2254(d)(1) supports application of *Brady* to an alleged failure to disclose exculpatory information prior to entry of a guilty plea). To the extent the exculpatory evidence Mr. Ankeney contends was not disclosed is impeachment evidence, it is clear that the *Brady* claim lacks merit because the Supreme Court specifically has held "that the Constitution *does not* require

the Government to disclose material impeachment evidence prior to entering a plea agreement with a criminal defendant." *United States v. Ruiz*, 536 U.S. 622, 633 (2002) (emphasis added). To the extent Mr. Ankeney's *Brady* claim is premised on an alleged failure to disclose non-impeachment exculpatory evidence, the claim still lacks merit due to the absence of clearly established federal law.

Mr. Ankeney disagrees with this conclusion and cites *United States v. Ohiri*, 133 F. App'x 555 (10th Cir. 2005), in support of his argument that *Brady* extends to the failure to disclose exculpatory evidence in cases involving plea agreements. In *Ohiri*, the defendant appealed "from the district court's denial of his motion to amend his original motion to vacate, set aside, or correct his sentence filed pursuant to 28 U.S.C. § 2255. He also [sought] a certificate [of] appealability [to] appeal the court's dismissal of his original motion." *Ohiri*, 133 F. App'x at 556 (footnote omitted). One of the claims the defendant raised in the motion to amend was a claim that "the government committed *Brady* violations by failing to disclose exculpatory evidence material to his decision whether to plead guilty." *Id.* (footnote omitted). Relying on the Supreme Court's decision in *Ruiz*, "[t]he district court . . . concluded that Ohiri could not establish a *Brady* violation because 'the government is not required to produce all *Brady* material when a defendant pleads guilty.'" *Id.* at 561.

The Tenth Circuit determined *Ruiz* was distinguishable and concluded "that the district court abused its discretion when it refused to allow amendment of Ohiri's § 2255 motion to allege a *Brady* or due process violation." *Id.* at 562. In particular, the Tenth Circuit distinguished *Ruiz* because the evidence allegedly withheld from Ohiri was exculpatory and not merely impeachment evidence and because, unlike the defendant

in *Ruiz* who had entered a plea agreement prior to indictment, Ohiri had executed a plea agreement the day before jury selection was to begin, a point in the proceedings by which "the government should have disclosed all known exculpatory information." *Id.* Although not discussed by the parties, the Court notes that the Seventh Circuit, in a case cited by the Tenth Circuit in *Ohiri*, opined that dicta in *Ruiz* "strongly suggests" a due process violation would exist if the prosecution withheld exculpatory evidence, and not merely impeachment evidence, prior to entry of a guilty plea. *See McCann v. Mangialardi*, 337 F.3d 782, 787-88 (7th Cir. 2003).

Mr. Ankeney's reliance on the Tenth Circuit's decision in *Ohiri* is misplaced because the Tenth Circuit's decision in *Ohiri* is not a Supreme Court holding and does not constitute clearly established federal law. *See House*, 527 F.3d at 1016. For the same reason, the Seventh Circuit's decision in *McCann* also does not constitute clearly established federal law. *See id.* Finally, the dicta in *Ruiz* that arguably supports Mr. Ankeney's claim also is not clearly established federal law because Supreme Court dicta does not constitute clearly established federal law. *See Williams*, 529 U.S. at 412. As a result, the Court finds that Mr. Ankeney fails to demonstrate the existence of any clearly established federal law to support his argument that *Brady* applies when a criminal defendant enters a guilty plea. Because the absence of any clearly established federal law ends the Court's inquiry under § 2254(d)(1), *see House*, 527 F.3d at 1018, the Court finds that Mr. Ankeney is not entitled to relief on the *Brady* claim.

Despite the absence of clearly established federal law, the Tenth Circuit has indicated that "an unreasonable application may occur if the state court . . . unreasonably refuses to extend[] a legal principle from Supreme Court precedent to a

12

new context where it should apply." *House*, 527 F.3d at 1018; *see also Carey v. Musladin*, 549 U.S. 70, 81 (2006) (Kennedy, J., concurring in judgment) (stating that "AEDPA does not require state and federal courts to wait for some nearly identical factual pattern before a legal rule must be applied."). Therefore, the Court briefly considers whether it would be an unreasonable application of *Brady* to decline to extend its holding to the guilty plea context. Because a trial and a guilty plea are not nearly identical factual patterns and the differences between them are materially distinguishable, the Court concludes that it is not an unreasonable application of *Brady* to decline to extend its holding to the guilty plea context. *See Richter*, 131 S. Ct. at 786 (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009), for the proposition that "'[I]t is not an unreasonable application of clearly established Federal law for a state court to decline to apply a specific legal rule that has not been squarely established by [the Supreme] Court.'"); *see also House*, 527 F.3d at 1019 n.7 (discussing boundaries between the "application of legal principle" and the "extension of legal principle" components of the unreasonable application prong of § 2254(d)(1)).

### B. Claim 3

The Court next will address Mr. Ankeney's third claim in which he challenges the validity of his sentence. Mr. Ankeney alleges in support of his third claim that he:

> originally agreed to waive a factual basis for his guilty plea, which required that there be "serious bodily injury" in order for the charge to amount to a class IV felony and in order for the court to legally impose an eight-year prison term. However, the prosecutor changed the agreement at the last minute by asking the court to impose a fact stipulation of sexual assault on a child, pursuant to C.R.S. 18-3-405 (2008). That factual basis did not include the "serious bodily injury" element. Instead, the fact stipulation requires

> Ankeney to register as a sex offender, among other negative statutory consequences. See, C.R.S. 16-22-103(2)(e)(I)(C). Under Colorado's statutory scheme and the U.S. Constitution, the fact stipulation limits the charge of Child Abuse to a class I misdemeanor, with a maximum penalty of two years jail time if the fact stipulation does not include the element of "serious bodily injury." See, C.R.S. 18-6-401 (2008).

(ECF No. 1 at 71-72, ¶413.)

Although Mr. Ankeney does not identify the clearly established federal law pursuant to which claim 3 is being asserted, the Court construes claim 3 as raising a claim under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which is how the claim was raised and exhausted in the state courts. (*See* ECF No. 11-6 at 27, 31.) The Supreme Court held in *Apprendi* that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. The Supreme Court subsequently clarified "that the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*" *Blakely v. Washington*, 542 U.S. 296, 303 (2004).

The Colorado Court of Appeals addressed Mr. Ankeney's *Apprendi* claim as follows:

> Defendant contends that his sentence is illegal under *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), because the crime of violence count was not submitted and proven to a jury beyond a reasonable doubt. We disagree.
>
> Defendant pled guilty to felony child abuse under section 18-6-401(1)(a), (7)(a)(IV), C.R.S. 2011 (negligent child abuse resulting in serious bodily injury), a class 4

14

> felony. The presumptive range for a class 4 felony is two to
> six years in prison. *See* § 18-1.3-401(1)(a)(V)(A), C.R.S.
> 2011. However, child abuse as defined in section 18-6-401,
> C.R.S. 2011, is an extraordinary risk crime. § 18-1.3-
> 401(10)(b)(X), C.R.S. 2011. The maximum presumptive
> sentence range for class 4 felonies that are extraordinary
> risk crimes is increased by two years. § 18-1.3-401(10)(a),
> C.R.S. 2011. Thus, the maximum presumptive sentence for
> a class 4 felony child abuse conviction is eight years.
> Accordingly, *Apprendi* does not apply. *See People v.
> Aguilar-Ramos*, 224 P.3d 402, 405 (Colo. App. 2009)
> (*Apprendi* only applies when an offender receives a
> sentence outside the presumptive range).
>
> Nonetheless, defendant argues that *Apprendi* applies
> because his factual stipulation did not include the serious
> bodily injury element of felony child abuse, and his maximum
> sentence was therefore limited to two years in jail for
> misdemeanor child abuse. Additionally, he maintains that
> his waiver only applied to the mens rea of negligently,
> whereas sexual assault requires the mens rea of knowingly.
> However, by pleading guilty, defendant waived the right to
> contest the crime's factual basis and admitted the elements
> beyond a reasonable doubt. *See People v. Munkus*, 60 P.3d
> 767, 769 (Colo. App. 2002). Moreover, in concluding that
> defendant's sentence was legal, the district court found,
> "Defendant's assertion that he was not aware until the
> providency hearing that a stipulation to the underlying factual
> basis of sexual assault was an integral part of the plea
> disposition is incredible." Accordingly, defendant's sentence
> did not violate *Apprendi*. *Id.*

(ECF No. 11-9 at 7-8.)

Mr. Ankeney fails to demonstrate that the rejection of his *Apprendi* claim by the Colorado Court of Appeals was contrary to or an unreasonable application of clearly established federal law or was based on an unreasonable determination of the facts in light of the evidence presented. The plea agreement Mr. Ankeney signed indicates that he agreed to plead guilty to a class 4 felony child abuse offense (*see* ECF No. 1 at 106), and Mr. Ankeney concedes that he is not challenging the validity of his guilty plea (*see*

ECF No. 1 at 76, ¶443). The transcript of Mr. Ankeney's plea hearing also makes clear that he entered a guilty plea to a class 4 felony child abuse offense. (*See* ECF No. 11-10 at 5, 9-11.) As a result, Mr. Ankeney cannot reasonably challenge the factual determination of the Colorado Court of Appeals that he "pled guilty to felony child abuse under section 18-6-401(1)(a), (7)(a)(IV), C.R.S. 2011 (negligent child abuse resulting in serious bodily injury), a class 4 felony." (ECF No. 11-9 at 7.) In any event, Mr. Ankeney does not present any clear and convincing evidence that would rebut the presumption of correctness that attaches to that factual determination. *See* 28 U.S.C. § 2254(e)(1).

Therefore, given that Mr. Ankeney agreed to plead guilty to a class 4 felony child abuse offense, the Colorado Court of Appeals' determination that Mr. Ankeney had admitted all of the elements necessary to impose the stipulated sentence of eight years in prison under the relevant Colorado statutes was not contrary to or an unreasonable application of *Apprendi*. Pursuant to Colo. Rev. Stat. § 18-6-401(7)(a)(IV), negligent child abuse resulting in serious bodily injury is a class 4 felony. Pursuant to Colo. Rev. Stat. § 18-1.3-401(10)(b)(X), child abuse as defined in § 18-6-401 is an extraordinary risk crime and, pursuant to Colo. Rev. Stat. § 18-1.3-401(10)(a), the maximum sentence in the presumptive range for a class 4 felony that is an extraordinary risk crime shall be increased by two years. Thus, although the maximum sentence in the presumptive range for a class 4 felony committed on or after July 1, 1993, ordinarily is six years, *see* Colo. Rev. Stat. § 18-1.3-401(1)(a)(V)(A), the presumptive range pursuant to Mr. Ankeney's guilty plea to a class 4 felony that is an extraordinary risk crime properly was increased to eight years.

The fact that Mr. Ankeney's plea agreement explicitly provides he is pleading

guilty to a class 4 felony child abuse offense demonstrates that the decision of the Colorado Court of Appeals also was not based on an unreasonable determination of the facts in light of the evidence presented. Mr. Ankeney's stipulation to a factual basis of sexual assault on a child does not alter the Court's conclusion that he agreed to plead guilty to a class 4 felony child abuse offense which, under the applicable Colorado statutes, subjected him to a maximum presumptive range sentence of eight years.

For all of these reasons, the Court finds that Mr. Ankeney also is not entitled to relief on claim 3.

## IV.  OTHER PENDING MOTIONS

Finally, Mr. Ankeney has filed various motions to require Respondents to admit or deny his allegations (ECF No. 28), for a hearing (ECF No. 29), to appoint counsel (ECF No. 30), and for summary judgment (ECF No. 31). Those motions will be denied as moot because the action will be dismissed. Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 and/or 28 U.S.C. § 2241 (ECF No. 1) is denied and this case is dismissed with prejudice. It is further

ORDERED that there is no basis on which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c). It is further

ORDERED that Applicant's motions to admit or deny allegations (ECF No. 28), for a hearing (ECF No. 29), to appoint counsel (ECF No. 30), and for summary judgment (ECF No. 31) are DENIED as moot.

DATED September 25, 2012.

                                          BY THE COURT:

                                          s/ Lewis T. Babcock
                                          LEWIS T. BABCOCK, Senior Judge
                                          United States District Court